**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| Robert Fiumefreddo,<br><br>Plaintiff,<br><br>– against–<br><br><br>Barclays Bank Delaware and Experian Information Solutions, Inc.,<br><br>Defendant(s). | Civil Action No.<br><br><br>**COMPLAINT** |

**COMPLAINT**

Plaintiff, Robert Fiumefreddo (hereinafter "Plaintiff"), by and through his attorneys, Garibian Law Offices, P.C., by way of Complaint against Defendants, Barclays Bank Delaware ("Barclays") and Experian Information Solutions, Inc. ("Experian"), alleges as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information to falsely and inaccurately report consumers' credit information to credit reporting agencies.

## PARTIES

2. Plaintiff, Robert Fiumefreddo, is an adult citizen of the state of Florida domiciled in Newport Richey, FL.

3. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant Barclays is a corporation business entity organized and existing pursuant to the laws of the State of Delaware that furnishes consumer credit information to consumer reporting agencies. It has a principal place of business located at 125 South West Street, Wilmington, DE 19801.

5. Defendant Experian is a limited liability company organized and existing pursuant to the laws of State of Delaware that engages in the business of maintaining and reporting consumer credit information. It has a principal place of business located at 475 Anton Blvd., Costa Mesa, CA 92626.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in Delaware.

## **FACTUAL ALLEGATIONS**

8. Defendant Barclays issued a credit card account ending in 0456 to Plaintiff. This account was routinely reported on Plaintiff's consumer credit report.

9. The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

10. On April 25, 2016, Plaintiff and Barclays entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached herein as Exhibit A.

11. Pursuant to the terms of the settlement, Plaintiff was required to make three monthly payments totaling $1,218.00 to settle and close his Barclays account.

12. Plaintiff, via his debt settlement representative, timely made each settlement payment. Proofs of these payments are attached herein as Exhibit B.

13. However, Plaintiff's Barclays account continues to be negatively reported.

14. In particular, on a requested credit report dated December 6, 2016, the account ending in 0456 was reported with a status of "DELINQUENT 60," a balance of $1,824.00, and a past due balance of $141.00. The relevant portion of Plaintiff's December 2016 credit report is attached hereto as Exhibit C.

15. The trade line was inaccurately reported; as explained above, the account was settled and paid in full, and as such, must be reported as settled with a $0 balance.

16. Plaintiff notified Defendants directly of a dispute regarding the Barclays accounts' completeness and/or accuracy. This letter and the certified mail receipts are attached hereto as <u>Exhibit D</u>.

17. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by Barclays to the Consumer Reporting Agency Experian, via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

18. In February of 2017, Plaintiff requested an updated Experian credit report for review. The account was now being reported with a status of "DELINQ 120+," a balance of $1,972.00 and a past due balance of $407.00. The February 2017 credit report is attached hereto as <u>Exhibit E</u>.

19. As such, Defendants did not correct the inaccuracy and instead reported the account even more negatively after Plaintiff's dispute.

20. Upon information and belief, Experian did not notify Barclays of the dispute by Plaintiff in accordance with the FCRA.

21. Alternatively, if Experian did notify Barclays, Barclays failed to properly investigate and delete the trade line or properly update the trade line on Plaintiff's credit reports.

22. If Barclays did perform a reasonable investigation of Plaintiff's dispute, Plaintiff's Barclays account would have been updated to reflect the aforementioned account/debt as settled with a $0 balance.

23. Despite the fact that Barclays has promised through its subscriber agreements or contracts to accurately update accounts, Barclays has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow or adhere to this requirement as well as the requirements set forth under the FCRA, resulting in the intended consequences of this information remaining on Plaintiff's credit reports.

24. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report concerning the account in question, thus violating the FCRA. These FCRA violations occurred before, during, and after the dispute process began with Experian.

25. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

26. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## CLAIM FOR RELIEF

27. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

28. Experian is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

29. Barclays is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

30. Barclays is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

31. Plaintiff notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

32. Barclays failed to promptly modify the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b).

33. Barclays failed to update Plaintiff's credit report and/or notify the credit bureaus that the Barclays account in question was disputed in violation of 15 U.S.C. § 1681s-2(b).

34. Defendants failed to complete an investigation of Plaintiff's written dispute and provide the results of an investigation to Plaintiff within the 30 day statutory period as required by 15 U.S.C. § 1681s-2(b).

35. Experian failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputes as required by 15 U.S.C. § 1681i(a).

36. Experian failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b).

37. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment in the sum of $45,000.00 be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

Respectfully Submitted,

**GARIBIAN LAW OFFICES, P.C.**

/s/ Antranig Garibian
Antranig Garibian, Esquire (Bar No. 4962)
1010 N. Bancroft Parkway, Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com
*Counsel for Plaintiff*